## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Darnell Smith | ) | Case No: 13 C 1675 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| LeClair et al. | ) | |
| | ) | |
| | ) | |

## ORDER

The Court denies Defendant Officers' motion to dismiss [18].  Status hearing set for 10/28/13 is stricken and reset to 9/25/13 at 8:30 a.m. in courtroom 1241.

## STATEMENT

On March 5, 2013, pro se Plaintiff Darnell Smith brought the present five-count Complaint against Defendants City of Chicago and Chicago Police Officers Ryan W. LeClair and Eric A. Landorf alleging violations of his constitutional rights, as well as state law claims. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court denies Defendant Officers' motion.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted."  *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted).  Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).  "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor."  *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011).

## BACKGROUND

Construing his pro se Complaint liberally, *see Gomez v. Randle,* 680 F.3d 859, 864-65 (7th Cir. 2012), Smith alleges that on May 11, 2012, he was standing in a friend's garage in Chicago, Illinois, and was about to park his vehicle in the friend's garage. (R. 1, Compl. ¶ 8.) At that time, he maintains that he noticed an unmarked car with municipal license plates pull into the alley between the 5800 block of South Ashland and Justine Streets in Chicago. (*Id.*) Smith alleges that while the overhead door to his friend's garage was open, a Chicago police officer, who he later identified as Defendant Officer Landorf, exited the unmarked vehicle and entered the garage without permission. (*Id.* ¶¶ 8, 32.) According to Smith, Defendant Officer Landorf used excessive force by grabbing Smith by his arm and pulling him into the alley. (*Id.* ¶ 8.) Defendant Officer Landorf then instructed Smith to put his hands on the trunk of his friend's car after which the officer searched Smith. (*Id.*)

Smith further alleges that after Defendant Officer Landorf finished searching him, the officer searched Smith's friend. (*Id.* ¶ 9.) At that time, Smith discovered that another police officer was at the scene, who he later identified as Defendant Officer LeClair. (*Id.*) Smith then asked Defendant Officer Landorf if he was being detained or arrested, but Defendant Officer Landorf did not answer him. (*Id.* ¶ 10.) At the same time, Smith alleges that Defendant Officer LeClair placed his hand on a Taser in his holster and threatened Smith with this show of force. (*Id.* ¶ 11.)

Moreover, Smith maintains that after Defendant Officer Landorf illegally seized and searched him, Defendant Officer Landorf ran a name check. (*Id.* ¶ 12.) Smith alleges that Defendant Officer Landorf then asked him where his guns were because "you blacks in Englewood like to 'tote' guns." (*Id.* ¶ 14.) Further, Smith contends that the police officers left the scene without arresting him or giving him a citation, although Smith also alleges that he was arrested and was not free to leave. (*Id.* ¶¶ 16, 18, 19, 32.) In addition, Smith asserts that he was detained for a period of 30 or more minutes. (*Id.* ¶ 46.)

## ANALYSIS

### I. Count I — Unlawful Search and Seizure Claim

In Count I of his pro se Complaint, Smith alleges that on May 11, 2012, Defendant Officers unlawfully detained and restrained him while he was a visitor at his friend's house. (Compl. ¶ 32.) Smith specifically alleges that Defendant Officer Landorf unlawfully detained and restrained him when the officer pulled Smith from his friend's garage into the alley, made Smith put his hands on the hood of a car, and searched Smith. (*Id.*) Smith further alleges that Defendant Officers denied him the right to leave and placed him under arrest in anticipation that when the officers ran his name, there would be a warrant for Smith's arrest. (*Id.*) Earlier in his Complaint, however, Smith alleges that Defendant Officers did not arrest him or give him a citation. (*Id.* ¶ 16.) Smith also alleges that he was not free to leave the scene. (*Id.* ¶ 18.)

In their motion to dismiss, Defendant Officers first argue that Smith does not have standing to bring a claim of an unlawful search of his friend's garage. In response, Smith explains that Defendant Officers misconstrue his allegations because he is not bringing a claim based on an unlawful search of his friend's garage, but that Defendant Officers violated his Fourth Amendment rights when they effectuated an unlawful seizure, detention, and restraint of Smith. Therefore, Defendant Officers' first argument is misplaced.

Next, Defendant Officers argue that — under the circumstances — they had the right to temporarily stop and frisk Smith pursuant to *Terry v. Ohio,* 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Under *Terry,* "the Fourth Amendment permits officers to perform an investigatory stop if they have a reasonable and articulable suspicion of wrongdoing." *Rabin v. Flynn,* ___ F.3d ___, 2013 WL 3455689 (7th Cir. July 9, 2013). In other words, an "investigatory stop complies with the Fourth Amendment if the brief detention is based on reasonable suspicion that the detained individual has committed or is about to commit a crime." *United States v. Uribe,* 709 F.3d 646, 649-50 (7th Cir. 2013).

Defendant Officers' argument at this procedural posture is unavailing because they are asking the Court to consider facts outside of Smith's Complaint and make factual inferences in their favor. As the Seventh Circuit explained over 25 years ago, "the defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations. The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987). This requirement holds true after the Supreme Court's decisions in *Iqbal* and *Twombly. See Iqbal,* 556 U.S. at 678 ("for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true"); *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

In other words, at this stage of the proceedings, Smith is only required to plausibly allege a deprivation of a constitutional right, which he has done by alleging that Defendant Officer Landorf unlawfully detained and restrained him when the officer pulled Smith from his friend's garage into the alley, made Smith put his hands on the hood of a car, searched Smith, and detained him for over 30 minutes without legal justification. *See Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013) (plausible claim "requires sufficient factual allegations to permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged"). The factual questions of whether Defendant Officers had a reasonable and articulable suspicion of wrongdoing at the time they detained and frisked Smith are best left for summary judgment — or ultimately the jury — after the parties have developed the record. *See Stalter v. Wal-Mart Stores, Inc.,* 195 F.3d 285, 290 (7th Cir. 1999). The Court therefore denies Defendant Officers' motion to dismiss Smith's Fourth Amendment search and seizure claim as alleged in Count I of his Complaint.

## II.     Count II — Excessive Force and Failure to Intervene[1]

In Count II of his Complaint, Smith brings an excessive force claim against Defendant Officer Landorf and a failure to intervene claim against Defendant Officer LeClair.  Smith has alleged sufficient factual allegations that "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  In particular, Smith alleges that on May 11, 2012, Defendant Officer Landorf used excessive force by grabbing him by his arm and pulling him into the alley.  (*Id.* ¶¶ 8, 32.)  In addition, Smith maintains that at all relevant times, he did not make any verbal or physical threats to Defendant Officers.  (*Id.* ¶ 23.)  Smith also alleges that due to the use of excessive force, he suffers injuries of a personal and pecuniary nature, including humiliation, mental anguish, and emotional distress.  (*Id.* ¶ 39.)  He further asserts that Defendant Officer LeClair "stood by and failed to prevent damages to which Plaintiff was being subjected at the hands of Defendant Officer Landorf."  (*Id.* ¶ 37.)

In their motion to dismiss, Defendant Officers make a cursory argument that Smith's allegations of physical force are too minimal to merit relief under the "de minimis" doctrine.  *See Williams v. City of Champaign,* 524 F.3d 826, 829-30 (7th Cir. 2008).  As the Seventh Circuit recently explained, however, "[t]he doctrine de minimis non curat lex (the law takes no account of trifles) is concerned with harm rather than with force; it is therefore time that the formula 'de minimis uses of physical force' was retired, as we suggested recently in *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citations omitted)."  *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).  Here, Defendant Officers fail to address the latest developments of the "de minimis" doctrine or sufficiently develop this argument in their legal memoranda.  *See Guzman v. City of Chicago,* 689 F.3d 740, 745 n.3 (7th Cir. 2012) ("Perfunctory and undeveloped arguments are waived.").  As discussed, at this stage of the proceedings, Smith has sufficiently alleged his excessive force claim and the resultant harm under *Twombly* and *Iqbal*.  The Court therefore denies Defendant Officers' motion to dismiss Count II of Smith's Complaint.

## III.     Counts III and Count IV — Federal and State False Arrest Claims

Last, Defendant Officers argue that Smith has pleaded himself out of court as to his federal and state law false arrest claims because he alleges that the officers did not arrest him. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008) ("a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.").  Although Smith does say he was not arrested after Defendant Landorf frisked him and ran his name check, Smith also alleges that Defendant Officers did arrest him and that he was not free to leave.  (*See* Compl. ¶¶ 16, 18, 32.)  Furthermore, Smith alleges that after asking Defendant Landorf whether

---

[1]  The Court rejects Defendant Officers' arguments concerning Smith's failure to intervene claim because, again, they are asking the Court to consider facts outside of Smith's Complaint and make factual inferences in their favor, which is not the proper standard at this stage of the proceedings.  *See AnchorBank,* 649 F.3d at 614 ("In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor.").

he was under arrest, Defendant Officer LeClair placed his hand on his Taser in a threatening manner and Smith believed through this show of force and authority that he better not move and that he was in custody. (*Id.* ¶ 11.) Viewing Smith's pro se allegations and all reasonable inferences liberally and in his favor, Smith has not pleaded himself out of court. *See Luevano v. Wal-Mart Stores, Inc.*, ___ F.3d ___, 2013 WL 3599156 (7th Cir. July 16, 2013) ("the pleading standards for pro se plaintiffs are considerably relaxed, *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), even in the wake of" *Twombly* and *Iqbal*.). Indeed, as the Seventh Circuit teaches, Federal Rule of Civil Procedure Rule 8(a) "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (citation omitted). Accordingly, the Court denies Defendant Officers' motion to dismiss the false arrest claims in Counts III and IV of Smith's Complaint.

Date:   September 6, 2013

_____

AMY J. ST. EVE

United States District Court Judge